MATTER OF K—

In DEPORTATION Proceedings

A-8272691

*Decided by Board June 14, 1961*

Pardon—By United States High Commissioner for Germany—Construed as executive pardon within section 241(b) of 1952 act.

General amnesty and pardon proclaimed by former United States High Commissioner for Germany relating to convictions and sentences imposed by United States Military Government Courts prior to January 1, 1950, held within intendment of section 241(b) of the 1952 Act and effective as an executive pardon to alleviate consequences of deportation.

DEPORTABLE: Act of 1952—Section 241(a)(1)—Excludable at time of entry as one convicted of crime under section 3 of the Act of Feb. 5, 1917, to wit, abortion.

BEFORE THE BOARD

DISCUSSION: Respondent's motion is before us urging withdrawal of an order providing for her deportation under section 241(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(1)) and termination of the proceedings. No exceptions have been taken by the Immigration and Naturalization Service.

The respondent, a native of the Soviet Union, now stateless, female, married, 62 years of age, last entered the United States as a displaced person for permanent residence in 1952. A warrant providing for the alien's deportation, dated September 10, 1954, is outstanding. Deportability is predicated upon the respondent's conviction in the United States Military District Court for the Eighth Judicial District, Munich, Bavaria, Germany, on January 14, 1949, for the crime of abortion in violation of paragraphs 218 and 47 of the German Criminal Code. The respondent was sentenced to pay a fine of 1,000 Deutsche marks (about $200). The crime, committed on November 16, 1948, does involve moral turpitude.

Title 22 of the Code of Federal Regulations, section 42.91(a)(9)(vii), provides in substance that an alien shall not be considered ineligible to receive a visa under section 212(a)(9) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(9)) by reason of a conviction of a crime involving moral turpitude for which a full and

nconditional pardon has been granted by the President of the United States, by the Governor of a State, or by the former High Commissioner for Germany.[1] The above-mentioned section was amended to include the former High Commissioner for Germany subsequent to our denial on August 12, 1955, of respondent's motion similar to the one now before us.

The issue presented by respondent's motion is whether section 241 (b) of the Immigration and Nationality Act (8 U.S.C. 1251(b)) may be interpreted as including within its provisions a general amnesty and pardon granted by the United States High Commissioner for Germany. Section 241(b), *supra*, by its express terms provides a waiver of the criminal charge set forth in section 241(a)(4) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(4)) "in the case of any alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States."

The limiting provisions of section 241(b), *supra*, were designed by Congress to eliminate the effectiveness of a legislative pardon (*Matter of R—*, 5–612 (B.I.A., 1954)). Notwithstanding the fact that Congress has manifested an express intention to grant exemption from deportation only to those aliens who have obtained an *executive* pardon as distinguished from a *legislative* pardon, there are instances in which the supreme executive power to pardon is not vested in the Governor of a State or the President of the United States.

Prior to statehood, the substantive law of the Territory of Hawaii vested such power in the Territorial Governor appointed by the President of the United States.[2] The supreme pardoning authority in the State of Georgia is the State Board of Pardons and not the Governor.[3] Chapter 16, Article II, section 316, of the Revised Statutes of Nebraska, 1943, designates the mayor of a first-class city in Nebraska as the supreme pardoning authority in the case of a conviction under a city ordinance of his municipality. We have held that unconditional pardons granted by the Territorial Governor of Hawaii, the Georgia State Board of Pardons, and the Mayor of Scottsbluff, Nebraska, are effective pardons within the meaning of

---

[1] Regulations promulgated by the Secretary of State are controlling with respect to an alien's eligibility to receive a visa (8 U.S.C. 1104). They do not control in matters concerned with the deportation or exclusion of an alien. Regulations implementing these provisions of the immigration laws are the responsibility of the Attorney General (8 U.S.C. 1103(a)).

[2] 48 U.S.C. 531; 48 U.S.C. 1453.

[3] Constitution, State of Georgia, as amended in 1943 and ratified in 1945, Title 5, sec. 1, par. XI. *See also* Georgia Code, Annotated, sec. 2–3011.

337

section 241(b) of the Immigration and Nationality Act.[4] We were of the opinion that such pardons are "executive" pardons and, therefore, comply with the express intention of Congress.

The respondent herein was convicted at Munich, Bavaria, Germany, in January of 1949. Following the unconditional surrender of the German High Command on May 7 and 8, 1945, the United States, by formal declaration on June 5, 1945, assumed supreme authority over that portion of Germany which includes Munich. During the period June 5, 1945, until the effective date of the Occupation Statute, September 21, 1949, the supreme authority in the United States Zone of Occupation was exercised by the Military Governor and Commander-in-Chief of the United States Zone of Germany.[5]

Upon termination of the Military Government of the United States Zone of Germany the supreme authority of the United States Zone was vested in the United States High Commissioner for Germany by Executive Order No. 10062, dated June 6, 1949. (See *Federal Register*, Vol. 14, No. 108, at p. 2965, June 7, 1949.) Executive Order No. 10062 proclaims, *inter alia*, "The United States High Commissioner for Germany . . . shall be the supreme United States authority in Germany." The Charter of the Allied High Commission for Germany provides in Chapter V, par. 2(g), *inter alia*, that the United States High Commissioner "shall be responsible to his government . . . (for) . . . control of the care and treatment in German prisons of persons charged before or sentenced by the courts or tribunals of the occupation authorities (Military Government), over the carrying out of sentences imposed on them and over questions of amnesty, pardons or release in relation to them." [5]

Pursuant to the aforestated authority, the former High Commissioner for Germany, on January 6, 1955, proclaimed a general amnesty and pardon for all persons convicted prior to January 1, 1950, of offenses other than "war crimes" in a United States Military Government Court for Germany, provided the sentence imposed for such offense consisted of a term of imprisonment not exceeding six months or a fine not exceeding 1,000 Deutsche marks. The respondent's conviction comes within this proclamation of the United States High Commissioner for Germany.

---

[4] *Matter of T—*, E–050477, 6—214, B.I.A., July 19, 1954 (unconditional pardon granted by the Governor of Hawaii) ; *Matter of D—*, 7—476, B.I.A., May 28, 1957 (unconditional pardon granted by the Georgia Board of Pardons) ; *Matter of C—R—*, 8—59, B.I.A., June 25, 1958 (unconditional pardon granted by the Mayor of Scottsbluff, Nebraska, in the case of a conviction under a city ordinance of his municipality).

[5] See, *History of the Allied High Commission for Germany*, Chapter 1, Research Project No. 107—December 1950—published by the Historical Division, Office of the Executive Secretary, U.S. High Commissioner for Germany, 1951. Text of the Charter of the Allied High Commission for Germany is found in pp. 108 through 116.

We conclude, therefore, that Executive Order No. 10062 and the Charter of the Allied High Commission for Germany [6] designates the United States High Commissioner for Germany as the supreme pardoning authority for convictions and sentences imposed by the United States Military District Court for the Eighth Judicial District while that court was under the control of the Military Government of the United States for Germany. The amnesty here under consideration is an unconditional executive pardon within the meaning of section 241(b) of the Immigration and Nationality Act. Upon reconsideration we find that the respondent is not deportable under section 241(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(1)), as an alien excludable at the time of entry under section 3 of the Act of February 5, 1917 (now 8 U.S.C. 1182(a)(9)). An appropriate order terminating the proceedings will be entered.

**ORDER:** It is ordered that the warrant and order of deportation dated September 10, 1954, be and the same are hereby withdrawn. Proceedings under the warrant of arrest dated March 23, 1953, are hereby terminated.

[6] Executed by representatives of the United States Government at Paris, France, on June 16, 1949.